IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION


VENASE BRITTON,

       Plaintiff,

v.                                                                                                    No. 07-2443

NAHON, SAHAROVICH & TROTZ, PLLC,

       Defendant.

_____

ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION AND DISMISSING COMPLAINT
_____

       The Plaintiff, Venase Britton, brought the instant pro se race discrimination suit against her former employer, Nahon, Saharovich & Trotz, PLLC ("Nahon"), under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. (Docket Entry ("D.E.") No. 1, Compl.) Britton claims that the law firm denied her permanent employment and fired her in retaliation for having filed a race discrimination lawsuit against a previous employer. (Id. ¶ 2.) She seeks $300,000 in compensatory and $300,000 in punitive damages, and asks to be reinstated by the firm. (Id. ¶ 4.) On March 3, 2008, Magistrate Judge Tu Pham issued a report and recommendation recommending that the Plaintiff's complaint be dismissed on the basis that she had failed to comply with the Federal Rules of Civil Procedure relating to discovery. (D.E. No. 29.) The Plaintiff has timely filed objections to the magistrate judge's report, and thus, the Court shall "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

BACKGROUND

Nahon filed a motion to compel on November 12, 2007, claiming that Britton had failed to include in her Federal Rule of Civil Procedure 26(a) initial disclosures the names, addresses, and telephone numbers of witnesses whose testimony she planned to rely on to support her claims. (D.E. No. 16, Mem. in Supp. Mot to Compel, at 2.)[1] Instead, the Plaintiff indicated that she would provide these potential witnesses' names at some indefinite point in the future. (D.E. No. 16, Ex. A, at 1.) The Court referred this motion to the magistrate judge, who, on December 19, 2007, directed the Plaintiff to provide complete initial disclosures as required by Rule 26(a)(1). (D.E. No. 20.) The undersigned affirmed the magistrate judge's order on January 4, 2008. (D.E. No. 23.)[2]

On January 18, 2008, the Defendant filed a motion to dismiss Britton's complaint pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure, claiming that she had still not provided it with the identities of potential witnesses. (D.E. No. 25.) The Court again referred the Defendant's motion to Magistrate Judge Pham, who issued a report recommending

---

[1] Although the magistrate judge referred to the version of Rule 26(a)(1) which became effective December 1, 2007, and the subject of this dispute arose prior to that date, the prior version does not differ in any degree that would alter Judge Pham's analysis or conclusions. The pre-December 1, 2007 version reads: "a party must, without awaiting a discovery request, provide to the other parties . . . the name and if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses . . . identifying the subjects of the information;" and the post-December 1, 2007 version reads: "a party must, without awaiting a discovery request, provide to the other parties . . . the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses . . . ."

[2] The Court would note that in her appeal of the magistrate judge's granting of the Defendant's motion to compel, the Plaintiff mentioned the name of one potential witness, Amber Brody, but did not otherwise comply with Judge Pham's Order or the Federal Rules of Civil Procedure.

2

dismissal of the complaint. (D.E. No. 29.) The magistrate judge found that the Plaintiff had failed to comply with Federal Rule of Civil Procedure 26(a)(1)(A)(i), despite the Court's Order granting Nahon's motion to compel Britton to disclose the names of those individuals with knowledge of the factual basis of her claims. (Id. at 3-5.)[3] The magistrate judge observed that the Plaintiff withheld the names of these individuals, some of whom were employees of Nahon, because she feared that the Defendant might retaliate against them. (Id. at 8.) However, Judge Pham found that there was nothing in the record to support those concerns. (Id.) He also reminded Britton that the Court had instructed her on the importance of complying with the Court's orders and emphasized that it was her responsibility to familiarize herself with its rules and to abide by them. (Id. at 2-3.) Based on the foregoing, the magistrate judge recommended that the Plaintiff's complaint be dismissed pursuant to Federal Rule of Civil Procedure 37, because 1) Britton's discovery violations were willful, 2) the Defendant had been prejudiced by those violations because it was prevented from conducting discovery, 3) the Plaintiff received adequate warning of the consequences of her failure to cooperate, and last, 4) any measure less drastic than dismissal would be an inadequate remedy. (Id. at 9-10.)

## ANALYSIS

Because the Plaintiff has filed objections to the magistrate judge's report, the Court will review those portions of the report to which objection has been made de novo, pursuant to 28 U.S.C. § 636(b)(1)(C). First, Britton claims that the Court is applying an unfair standard to her, because it granted the Defendant's motion to compel, but has not yet ruled on her motion to compel, which was filed approximately one month after Nahon's motion. (D.E. No. 30 at 2-3.)

---

[3] See supra note 1.

Even if the Court were inclined to grant her motion to compel, however, such a ruling would have no effect on the merits of the Defendant's motion to dismiss. The Plaintiff's discovery obligations are not solely dependant on the compliance of the Defendant with the rules; rather, the parties' obligations are independent of each other.

Second, the Plaintiff again contends that the Defendant will retaliate against those witnesses who still work for the law firm, stating that "[b]oth plaintiff and defendant may use any party or employee, but any employee named can potentially advantage the defendant and my aim is not to harm or create harm for anyone as is their modus operandi." (Id. at 2-3.) The undersigned agrees with Magistrate Judge Pham, however, that the Plaintiff has presented no evidence that the Defendant would retaliate against those employees. Instead, Britton relies on the allegations of her complaint to support her concern:

> The Court apparently does not view the defendant's piecemeal approach regarding their unwarranted actions toward the plaintiff by first failing to grant employment opportunities extended to individuals having less education and work experience, their offering of part-time employment with a 60 day probationary period after two years of contract employment seeking permanent employment with no disciplinary or job performance issues, and the scenarios plotted before and after meeting with Howard Taube on April 24th to solidify their goal of termination with an insubordination label *credible enough to support retaliation concerns* based on lying to establish their case, as actions prejudicing the plaintiff.

(Id. at 4 (emphasis added).) The Plaintiff's claims are still unproven as of now and therefore cannot lend support to her fears of retribution.

On pages 3 and 6 of her objections, the Plaintiff appears to finally reveal the identity of at least one of the unknown witnesses, GQ Boller. (Id. at 3, 6.)[4] However, it is far from clear that Boller or Amber Brady are the only witnesses who Britton must disclose pursuant to Federal

---

[4] See supra note 2.

4

Rule of Civil Procedure 26(a)(1)(A).  While the Plaintiff refers to Boller as "the unnamed witness" on page 3 of her objections, she indicated in her initial disclosures that there were several other unidentified employees that she might call upon to testify on her behalf.  (D.E. No. 16, Ex. A, at 1.)  Furthermore, she has failed to disclose Boller's contact information or the subject of the witness's information as required by Rule 26(a)(1)(A).[5]  Thus, the Court concludes that Britton has not satisfied her disclosure obligations under the Federal Rules of Civil Procedure.  In addition, the Plaintiff was warned on more than one occasion that her failure to comply with orders of the Court could result in dismissal of her lawsuit.

## CONCLUSION

Having reviewed Magistrate Judge Pham's report and recommendation de novo, and the entire record of the proceeding before the magistrate judge, the Court hereby ADOPTS the magistrate judge's report and DISMISSES the Plaintiff's complaint.

**IT IS SO ORDERED** this 20th day of March, 2008.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[5] The undersigned also notes that the Plaintiff states that Magistrate Judge Pham wrongly found that she failed to include the contact information for two other witnesses, as required by Federal Rule of Civil Procedure 26(a)(1)(A), claiming that she provided that information on page 19 of her Responses to the Defendant's First Set of Interrogatories.  (D.E. No. 30 at 4.)  However, while she does mention those witnesses on that page, she does not include their addresses and telephone numbers or the subjects of their information.