# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| VENASE V. BRITTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-2443-STA |
| | ) | |
| NAHON, SAHAROVICH & TROTZ, PLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING MOTION FOR RECONSIDERATION

Before the Court is Plaintiff Venase V. Britton's Motion for Reconsideration (D.E. # 36) filed on April 17, 2008. For the reasons set forth below, the Motion is **DENIED**.

Plaintiff Venase V. Britton ("Plaintff") brought the instant pro se race discrimination suit against her former employer, Nahon, Saharovich & Trotz, PLLC ("Nahon"), under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. Britton claims that the law firm denied her permanent employment and fired her in retaliation for having filed a race discrimination lawsuit against a previous employer. She seeks $300,000 in compensatory and $300,000 in punitive damages and asks to be reinstated by the firm. On March 3, 2008, Magistrate Judge Tu Pham issued a report and recommendation recommending that the Plaintiff's complaint be dismissed on the basis that she had failed to comply with the Federal Rules of Civil Procedure relating to discovery. The Court overruled Plaintiff's timely objections and adopted Magistrate Judge Pham's recommendation that Plaintiff's case be dismissed on March 20, 2008.

1

Judgment was entered March 21, 2008. However, Plaintiff filed the instant Motion for Reconsideration on April 17, 2008. In her Motion Plaintiff restates some of her allegations against Defendant. Plaintiff goes on to seek an explanation for the Court's decision to dismiss her case. Plaintiff does assign as error the Court's failure to note Defendant's violations with EEOC and in her case Defendant's initial settlement offer. Plaintiff also contends that the Court "has been leveraged" in Defendant's favor. Finally, Plaintiff seeks an appeal and requests a change of venue because she believes that she cannot receive a fair and impartial hearing before this Court.

Under the Federal Rules of Civil Procedure, a party has no right to bring a motion for reconsideration after the entry of judgment. Nevertheless, a party may request that the Court vacate its judgment. First, Rule 59(e) allows a party to file a Motion to Alter or Amend a Judgment within 10 days after entry of the judgment. Here judgment was entered March 31, 2008, yet Plaintiff brought her Motion on April 17, 2008, more than ten days after the entry of judgment. Therefore, Rule 59(e) is unavailable to Plaintiff.

Plaintiff's other option is a Motion for Relief from Judgment pursuant to Rule 60(b). Fed. R. Civ. P. 60(b) permits a court to relieve a party from a final judgment, order, or proceeding under the following limited circumstances:

> 1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief

from the operation of the judgment.[1]

Most of the grounds for relief relate to new information about the case that could not reasonably have been discovered earlier.[2]  Additionally, the "public policy favoring finality of judgments" limits the availability of relief under the rule.[3]

In light of the fact that Plaintiff's Motion cannot be treated as a Motion to Alter or Amend under Rule 59(e), the Court will treat it as a Rule 60(b) Motion for Relief from Judgment.  Upon examination of Plaintiff's Motion for Consideration, however, the Court finds that Plaintiff has not presented any grounds upon which relief may be granted.  None of the first five provisions of Rule 60(b) are applicable to Plaintiff's case.  Even if the Court analyzed the Motion under the catch-all provision of Rule 60(b)(6), Plaintiff would still not be entitled to any relief.  Even greater scrutiny is applied to Rule 60(b)(6) motions than to motions made under other provisions of the rule.[4]  The Sixth Circuit has noted that subsection (6) "applies 'only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule.'"[5]  Plaintiff's Motion has not presented any change in circumstances which would warrant relief from the judgment under Rule 60(b)(6).  Therefore, Plaintiff's Motion for

---

[1] Fed. R. Civ. P. 60(b).

[2] *GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 372 -373 (6th Cir. 2007) (citing *Abrahamsen v. Trans-State Exp., Inc.,* 92 F.3d 425, 428 (6th Cir.1996); *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.,* 705 F.2d 839, 844-46 (6th Cir.1983)).

[3] *GenCorp.*, 477 F.3d at 372-373 (citing *Waifersong Ltd., Inc. v. Classic Music Vending,* 976 F.2d 290, 292 (6th Cir.1992)).

[4] *Stokes v. Williams*, 475 F.3d 732, 735 (6th Cir. 2007).

[5] *Blue Diamond Coal Co. v. Tr. of the UMWA Combined Benefit Fund,* 249 F.3d 519, 524 (6th Cir. 2001) (quoting *Olle v. Henry & Wright Corp.,* 910 F.2d 357, 365 (6th Cir.1990)).

3

Reconsideration is **DENIED**.

    **IT IS SO ORDERED.**

    **s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: July 10th, 2008.